FILED
CLERK, U.S. DISTRICT COURT

1/11/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| UNITED STATES OF AMERICA, | CR   2:23-cr-00009-JWF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CHUCK LEROY AASA, | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(a)(1)(A)]

Beginning on a date unknown and ending on or about December 21, 2022, in Los Angeles County, within the Central District of California, defendant CHUCK LEROY AASA, not being a licensed importer, manufacturer, or dealer of firearms, willfully engaged in

the business of dealing in firearms, namely, by selling firearms to purchasers in return for cash and brokering the sale of firearms to purchasers in return for cash, including by the following acts, among others:

1. On or about May 26, 2021, using the application "WhatsApp," defendant AASA sent messages to a contact that included a photograph of a handgun, and messages informing the contact that a "laser beam" and "a box 16 rd mags" would come with the gun.

2. On or about November 3, 2021, defendant AASA sent text messages to a contact in which defendant AASA offered to sell an assault rifle for $1,500.

3. On or about March 7, 2022, defendant AASA sent text messages to a contact in which defendant AASA offered to sell two firearms, and sent the contact four photographs of the two guns being offered for sale.

4. On or about March 10, 2022, defendant AASA sent text messages to a contact in which defendant AASA asked if the contact knew anybody looking to buy a "toy," a common codeword for a firearm, and offered to sell an assault rifle and a handgun.

5. On or about June 10, 2022, defendant AASA sent text messages to a contact in which defendant AASA offered to help the contact sell two firearms, and then told the contact that he had a buyer for two small guns for $2,000.

6. On or about June 12, 2022, using the encrypted application "Signal," defendant AASA sent a contact three photographs of firearms and ammunition, informing the contact that "2500 with Bulletproof vest," "Glock ghost clean 43 suppressor two mags $2700," and "Other

AR 15 with no attachment looking at $1800 small Glock 16, Glock 26, Glock 43 compact ghost by itself $900-1000."

7.   On or about June 19, 2022, defendant AASA exchanged text messages with a contact in which the contact complained that parts on his assault rifle were broken and defendant AASA responded that defendant AASA would help because the contact had been a reliable customer.

8.   On or about June 20, 2022, defendant AASA sent messages to a contact, including photographs of a firearm and ammunition, and providing a price of "$900."

9.   On or about June 28, 2022, using the encrypted application "Signal," defendant AASA informed a contact that he had guns for sale as follows: "have a Glock 19 9mm for $1200 clean gosht A 45 colt Snubnose revolver $2200 AR 15 can run from $1500-$1800 any size of barrel 300 black out 76.2 ammunition for $1800-$2000."

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in the sole Count of the Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

4

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                              A TRUE BILL

                                              /S/
                                              Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent & Organized Crimes Section

JEFFREY M. CHEMERINSKY
BRUCE K. RIORDAN
Assistant United States Attorneys
Violent & Organized Crimes Section

5